STATEMENT BY THE COURT.
Appellant brought this suit against the Little Red River Levee District, organized under the general laws, and its board of commissioners and assessors, naming them, for the purpose of compelling a reassessment of its property and reduction of the assessment of benefits in accordance with the present assessed value of its property.
It alleged that there were now outstanding approximately $75,000 in bonds of the district issued to provide funds to build and maintain a levee in the district, the bonds payable annually on the installment plan, the last maturing in the year 1939; that all the real estate in the district was assessed according to the benefits to be derived from the contemplated improvement, for the purpose of providing money to pay the annual installment of bonds and the interest thereon; that, at the time of the bond issue and the making of the assessment of the benefits against the property of the district, its main line had just been completed and was in a very prosperous condition, its assessed value, as fixed by the State Tax Commission at that time, being $10,400 per mile, and that the benefits assessed were based upon the value of the road at the time the assessment was made in 1913; that the lands in the district were agricultural in character, consisting of about 15,301 acres, only about 1,041 of which were at that time cleared and in cultivation, with 14,260 acres wild and unimproved; that, since the time of the original assessment in 1913, the railroad's property has constantly decreased in value, and has only a nominal value at this time, as shown by the State taxing officers, of $2,750 a mile; that the other lands of the district have greatly enhanced in value, all being practically cleared and improved and are now capable of producing valuable *Page 794 
crops of all kinds. That, at the present, a railroad which has only a nominal value is required to pay about one-third of the taxes to maintain the levee and pay off the bonded indebtedness; that the company applied to the board of commissioners and assessors for a reassessment and equitable adjustment of the taxes and benefits of the lands of the district, but was refused relief, and brought suit to compel the reassessment of the property of the entire district for distribution of the burden of taxation equally and equitably upon all the real estate therein.
The complaint alleged that the first bond issue was for $50,051.43 in 1913; that later, in 1916, an additional issue of $55,000 was made; in 1917 a third bond issue of $16,500 was made; that the first issue, with interest, had been fully paid, leaving the second and third issues, amounting to $71,500, outstanding and unpaid, with taxes to be collected in annual installments for payment up to and including the year 1939; that these bonds bear interest at 6 per cent. per annum. It alleged the change of the character of property, as already stated, the decrease in the value of the railroad property to the nominal value of $2,750, as assessed by the State, and that the other property had steadily increased.
"Plaintiff states that, while said realty as above set forth has thus been enhanced in value by reason of the benefits derived from the improvement, this plaintiff, in truth and in fact, has only, at most, received a nominal benefit as a result of said improvement; that, as the present assessment and the payments of taxes thereon now stand, the same is very inequitable, unjust and highly discriminatory, and that it is entirely out of proportion to the amount paid on other property in said district and not in accordance with the benefits accruing to the respective properties therein. Plaintiff states that, under said original assessment, and while deriving only nominal benefits from said improvement, and notwithstanding the greatly increased benefits to other real property in said district, it is required to pay approximately one-third of the total taxes levied and collected in said district *Page 795 
for said improvement; that, in view of the said altered condition of the respective properties in said district and of the greatly deteriorated condition of plaintiff's property, said tax as levied and collected is confiscatory, and, if same is continued as thus originally fixed, will amount to confiscation of plaintiff's property in said district.
"Plaintiff avers that the benefits to said real property in said district should be reassessed and, without reducing the total assessed benefits accruing to the whole of said property in said district, and the consequent revenue derived therefrom, the same should be more equitably distributed and placed upon said respective properties commensurate with the benefits accruing thereto; that this plaintiff has made repeated requests and demands upon the defendant and its officers for such reassessment of the benefits, but that the said defendant and its officers decline and refuse the same."
It is also alleged that the board of commissioners and assessors, naming the members thereof, refused to make reassessments of benefits or any readjustment, and that, unless they were compelled to do so, the "plaintiff will suffer irreparable injury and its property will be confiscated by this unjust and discriminatory taxation."
Plaintiff alleged that it had no adequate remedy at law, and prayed an order requiring the defendants and their successors in office to make and cause to be made a reassessment of the benefits accruing to the respective properties in the district and causing taxes to be collected thereon in keeping with equity and accordance with law, and asked that defendants be restrained from collecting or attempting to collect any tax levied upon the original assessment or until the property was reassessed according to its value. A general demurrer was interposed to the complaint and sustained, and, plaintiff declining to plead further, it was dismissed, and from this order the appeal is prosecuted.
(after stating the facts). It appears that this levee district was organized under the general law, *Page 796 
and there is no complaint of any irregularity, defect or mistake in the organization or of any injustice or discrimination in the assessment of benefits, relief being sought only because of an alleged changed condition in values of the property, plaintiff's having declined to almost a nominal value while the other property of the district has been improved, cultivated and increased in value.
The granting of the relief prayed would necessitate a reassessment of the benefits of the property of the district, the increase of assessment and tax upon the other lands of the district in proportion to any reduction made on that of appellant, since no decrease can be made that would impair the obligation of the district to pay its bonds nor its ability to do so. The assessment, being made in accordance with the law (6823-6831, Crawford Moses' Digest) became a lien on all the lands of the district in the nature of a mortgage, as provided by law, and necessarily upon each tract as shown by the lists filed in the county clerk's office, it being provided only that, at any time before judgment in any foreclosure proceeding brought to enforce the lien, an error made in the description of any of the lands embraced in the assessment or lists can be corrected.
No authority is given for reassessment of benefits on changed or different values, or reduction or increase of the amount thereof, against any of the lands of the district, it not being contemplated, evidently, that there could be any such material change in condition as would require a change in the benefits assessed during the time for the payment of the improvement.
In any event, no authority is given in the general laws, under which this district was organized, as is the case in acts providing for the organization of some other improvement districts, for reassessment of benefits upon the property contained therein, and none such can be implied, as incident to the authority given for carrying out the purposes of the law, authorizing such reassessment. *Page 797 
It follows that the complaint did not state a cause of action, and no error was committed in sustaining the demurrer thereto.
The judgment is affirmed.